# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gordon Simmons Holcomb, ) | Civil Action No. 8:13-cv-02066-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Gordon Simmons Holcomb ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 13.) On February 2, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Id. at 34.) Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation, which are currently before the court. (ECF No. 15.) For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

1

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (See ECF No. 13.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.  The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on November 8, 1958 and is presently fifty-six (56) years old.  (ECF No. 7-5 at 2.)  He filed applications for DIB and SSI on January 13, 2011, alleging disability since December 19, 2010, due to knee pain, back pain, and a broken right arm.  (Id. at 2, 6; see also ECF No. 7-6 at 7.)  Plaintiff's application was denied initially on April 7, 2011, and upon reconsideration on August 2, 2011.  (ECF No. 7-4 at 3, 13, 16.)  As a result, Plaintiff requested an administrative hearing on September 21, 2011.  (Id. at 19, 28.)  On October 4, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on November 6, 2012, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because he had "the residual functional capacity to perform light work" and such jobs "exist in significant numbers in the national economy that the claimant can perform."  (ECF No. 7-2 at 31, 36.)  Thereafter, the Appeals Council denied Plaintiff's request for review on May 31, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  (Id. at 7.)

Subsequently, on July 29, 2013, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI.  (ECF No. 1.)  On February 2, 2015, the Magistrate Judge issued her recommendation that the

Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 13.) Plaintiff filed timely Objections to the Magistrate Judge's Report and Recommendation on February 11, 2015. (ECF No. 15.) The Commissioner filed a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on March 2, 2015. (ECF No. 16.)

## II.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Judicial Review of the Commissioner

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that

substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Id. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

### III.    ANALYSIS

A.    The Magistrate Judge's Review

In the Report and Recommendation, the Magistrate Judge first found that the ALJ assigned appropriate weight to the opinion of Plaintiff's treating physician, Rogers Walker, M.D. ("Dr. Walker"). (ECF No. 13 at 30.) In this regard, the Magistrate Judge observed that "the ALJ evaluated Dr. Walker's opinions in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and that he adequately indicated and explained the weight he assigned to Dr. Walker's opinion based on a lack of support in Dr. Walker's own treatment notes." (Id. at 29.) The Magistrate Judge next found that the ALJ "appropriately considered Plaintiff's statements and the medical record to determine the extent to which Plaintiff's symptoms affect[ed] his capacity to perform basic work activities." (Id. at 17 (citing ECF No. 13-2 at 17).) In this regard, the Magistrate Judge observed that substantial evidence supported the ALJ's credibility assessment because he "provided concrete reasons for his credibility determination" regarding Plaintiff and appropriately "considered inconsistencies between Plaintiff's testimony and the record as well as the lack of

4

objective medical evidence to support the alleged severity of his impairments." (Id. at 33 (citing SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (When assessing a claimant's credibility, the ALJ can consider a claimant's "daily activities."))).) Based on the foregoing, the Magistrate Judge recommended that this court affirm the Commissioner's decision to deny Plaintiff DIB and SSI. (Id. at 34.)

B.    Plaintiff's Objections and the Commissioner's Response

Objections to the Magistrate Judge's Report and Recommendation must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the Magistrate Judge's determination that the ALJ assigned appropriate weight to Dr. Walker's opinion, instead of controlling weight. (ECF No. 15 at 5.) Plaintiff argues that this determination was in error because Dr. Walker's opinions "are well-supported by appropriate clinical and diagnostic medical findings and uncontradicted by other substantial evidence." (Id. (citing 20 C.F.R. §§ 404.1527(c)(2)[1], 416.927(c)(2)[2], SSR 96-2p[3], 1996 WL 374188, at *1 (July 2, 1996)).) Moreover, even if Dr. Walker's opinion is not entitled

---

[1] "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

[2] "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 416.927(c)(2).

[3] "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." SSR 96-2p, 1996 WL 374188, at *1.

to controlling weight, his opinion is "entitled to the greatest weight and should be adopted." SSR 96-2p, 1996 WL 374188, at *4.

Plaintiff next objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's assessment of Plaintiff's credibility because that finding was based solely on an assessment of his activities of daily living. (ECF No. 15 at 6.) In this regard, Plaintiff argues that "[t]he ALJ's reference to only a single factor here, activities of daily living, which are not consistent with full-time light exertional work, was insufficient to conclude Mr. Holcomb's testimony is not credible." (Id. at 7 (citing SSR 96-7p, 1996 WL 374186, at *2[4]).) Based on the foregoing, Plaintiff urges the court to sustain his objections to the Report and Recommendation and reverse the final decision of the Commissioner. (Id. at 7–8.)

In response to Plaintiff's objections, the Commissioner prays that the court adopt the Report and Recommendation in its entirety and affirm the Commissioner's decision. (ECF No. 16 at 6.)

C.     The Court's Ruling

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation. In evaluating the merits of Plaintiff's first objection regarding the weight assigned to his treating physician, the court notes that the ALJ accorded significant weight to the

---

[4] "Under the regulations, an individual's statement(s) about his or her symptoms is not enough in itself to establish the existence of a physical or mental impairment or that the individual is disabled." SSR 96-7p, 1996 WL 374186, at *2. "The regulations describe a two-step process for evaluating symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness: First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms." Id. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." Id.

opinions of the state agency medical consultants and little weight to relevant portions of Dr. Walker's opinion. (See ECF No. 7-2 at 32–35.) Upon review, the court does not agree with the Magistrate Judge that "the ALJ evaluated Dr. Walker's opinions in accordance with 20 C.F.R. §§ 404.1527." (ECF No. 13 at 29.) The court cannot in fact determine whether the ALJ considered all of the factors in 20 C.F.R. § 404.1527(c)[5] as he is required to do, because the ALJ did not discuss those factors explicitly.[6] Without an express discussion of the § 404.1527(c) factors, the court cannot ascertain if substantial evidence supported the ALJ's determination that Dr. Walker was not entitled to controlling weight as Plaintiff's treating physician. Therefore, the court sustains Plaintiff's objection to the Magistrate Judge's Report and Recommendation regarding the weight given by the ALJ to the findings of Plaintiff's treating physician, Dr. Walker.

As to Plaintiff's second objection regarding his credibility assessment by the ALJ, the court agrees with the Magistrate Judge that the ALJ's decision considered more than Plaintiff's daily activities in determining his credibility. (ECF No. 13 at 33–34.) Thus, the court finds that the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. § 404.1529(c) and SSR 96–7p, 1996 WL 374186, at *3, and further finds that substantial evidence supports the ALJ's decision to find Plaintiff not entirely credible. Accordingly, the court overrules Plaintiff's

---

[5] "Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion": (1) examining relationship ("[g]enerally, we give more weight to the opinion of a source who has examined you than the opinion of a source who has not examined you"); (2) treatment relationship, including length of treatment relationship, frequency of examination, and the nature and extent of the treatment relationship; (3) supportability ("[t]he more a medical source presents relevant evidence to support an opinion… the more weight we will give that opinion"); (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c).

[6] Notably, the ALJ's decision makes almost no note of the nature of Plaintiff's treating relationship with Dr. Walker. Other than a mention of the date range during which Plaintiff saw Dr. Walker and reference to exhibits, the ALJ makes no mention of the frequency of examination or the nature and extent of the relationship, nor why those factors did not require the ALJ to afford Dr. Walker's opinions more weight.

objection to the Magistrate Judge's Report and Recommendation regarding whether substantial evidence in the record supports the ALJ's finding as to Plaintiff's credibility.

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for the ALJ to adequately explain the rationale for his decision regarding Plaintiff's treating physician in light of the § 404.1527(c) factors.  The court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2015
Columbia, South Carolina