# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gordon Simmons Holcomb, ) | Civil Action No. 8:13-cv-02066-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff Gordon Simmons Holcomb's ("Plaintiff") Motion for Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 20.) The Commissioner opposes the motion on the ground that her position in this case was substantially justified. (ECF No. 21.) For the reasons that follow, the court **GRANTS** the motion **IN PART** and **DENIES** it **IN PART**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In January 2011, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") due to knee pain, back pain, and a broken right arm. (ECF No. 13 at 2, 6; *see also* ECF No. 7-6 at 7.) Plaintiff's application was denied initially and upon reconsideration. (ECF No. 7-4 at 3, 13, 16.) After Plaintiff requested an administrative hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because he had "the residual functional capacity to perform light work" and such jobs "exist in significant numbers in the national economy that the claimant can perform." (ECF No. 7-2 at 31, 36.) Relevant here, the ALJ accorded little weight to the opinion of

1

Plaintiff's treating physician. (*See id.* at 32–35.) Thereafter, the Appeals Council denied Plaintiff's request for review.

In July 2013, Plaintiff commenced this instant action in federal district court to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.) On February 2, 2015, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 13.) After Plaintiff timely filed objections (ECF No. 15), the court rejected in part the Report and Recommendation, reversed the Commissioner's decision, and remanded the case to the Commissioner (ECF No. 18.) The court did not agree with the Magistrate Judge that the ALJ evaluated Plaintiff's treating physician's opinions in accordance with 20 C.F.R. § 404.1527. (*Id.* at 7.) More specifically, the court explained that

> [t]he court cannot in fact determine whether the ALJ considered all of the factors in 20 C.F.R. § 404.1527(c) as he is required to do, because the ALJ did not discuss those factors explicitly. Without an express discussion of the § 404.1527(c) factors, the court cannot ascertain if substantial evidence supported the ALJ's determination that [the physician's opinion] was not entitled to controlling weight as [he was] Plaintiff's treating physician.

(*Id.* (footnotes omitted).)

On May 29, 2015, Plaintiff filed the instant motion for attorneys' fees under the EAJA, contending that the Commissioner's position was not substantially justified. (ECF No. 20; *see* ECF No. 20-1 at 2-3.) In response, the Commissioner argues that its position was substantially justified, explaining that the absence of substantial evidence does not equate to the absence of substantial justification, noting that the Magistrate Judge recommended affirming its decision, and referencing case law for the proposition that an ALJ need not expressly weigh each of the § 404.1527(c) factors. (ECF No. 21 at 2-3, 5-7.) In reply, Plaintiff contends that the Magistrate Judge's

recommendation to affirm should not be dispositive and that the ALJ was required to weigh non-controlling medical opinions using all the § 404.1527(c) factors. (ECF No. 22 at 1-2.)

## II. LEGAL STANDARD AND ANALYSIS

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The Commissioner has the burden of demonstrating substantial justification in both fact and law. *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler,* 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991). The Commissioner's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988); *Meyer*, 754 F.3d at 255.

As an initial matter, the court notes that the Magistrate Judge's recommendation that the Commissioner's decision be affirmed is not dispositive. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (disapproving "overemphas[is]" of the "fact that the ALJ's decision was adopted by the Magistrate Judge"); *McKoy v. Colvin*, No. 4:12-cv-1663-CMC-TER, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (explaining that Magistrate Judge's recommendation to affirm is "not determinative" of substantial justifiability). The court agrees with the Commissioner, however, that the Magistrate Judge's recommended affirmance is a factor that, to some extent, should weigh in the Commissioner's favor. *See McKoy*, No. 4:12-cv-1663-CMC-TER, at *3

("While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's decision was substantially justified.") Nevertheless, for the reasons discussed below, the court determines that this favorable factor is not enough for the Commissioner to meet her burden.[1]

Although, as the Commissioner points out, there is indication that the ALJ considered some of the § 404.1527(c) factors, the court, in its order, stated that it could not determine whether the ALJ considered all of the factors. The ALJ's failure to indicate whether he considered all the factors is fatal for the Commissioner's arguments. As another court in the Fourth Circuit, after canvassing the case law, has explained:

> Nothing in [§ 404.1527(c)] requires an express discussion of each factor. Although the Fourth Circuit has not yet addressed whether an ALJ must explicitly analyze every factor, several district courts within the Fourth Circuit have not found such a requirement. However, at least one district court within the Fourth Circuit has required explicit discussion of each factor.
>
> Thus, it is not entirely clear whether the ALJ must explicitly "check off" every [§ 404.1527(c)] factor. What *is* clear under Fourth Circuit law is that the ALJ must at least indicate that he or she was aware of and considered all of the factors.

*Baxter v. Astrue*, No. SKG-10-3048, 2012 WL 32567, at *6-7 (D. Md. Jan. 4, 2012) (internal citations and footnote omitted); *see also Odom v. Comm'r of Soc. Sec. Admin.*, No. 2:10-cv-02757-DCN, 2013 WL 1404821, at *2 (D.S.C. Apr. 5, 2013).

---

[1] The court also agrees with the Commissioner that the mere fact that a court reverses the Commissioner's decision on the ground that there was not substantial evidence to support the ALJ's conclusions would not, alone, show that the Commissioner's position was not substantially justified. *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991); *Goode v. Astrue*, 775 F. Supp. 2d 852, 856 (D.S.C. 2010). Here, however, the court reversed the Commissioner not because the ALJ's decision was not supported by substantial evidence but because it could not "determine whether the ALJ considered all of the factors in 20 C.F.R. § 404.1527(c) as he is required to do" and, for this reason, the court could not determine whether the decision was supported by substantial evidence. (ECF No. 18 at 7.)

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." *Crawford*, 935 F.2d at 658; *see also Adams v. Barnhart*, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). Here, because, as the court previously determined, the ALJ's decision did not indicate whether he considered all of the § 404.1527(c) factors—a requirement in the Fourth Circuit—the Commissioner cannot carry its burden to prove that its position was substantially justified.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Fees (ECF No. 20) is **GRANTED IN PART** to the extent that the court determines that Plaintiff is entitled to fees under the EAJA in the amount of $5,308.13 and costs in the amount of $400.00. The motion is **DENIED IN PART** to the extent it requests the court order payment directly to Plaintiff's counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), and decisions in this court,[2] such fees are to be addressed and sent

---

[2] Counsel has submitted an assignment, by Plaintiff, of the fees in this case (ECF No. 20-4) and, therefore, requests any award be made payable to counsel. In *Astrue*, the Supreme Court held that the EAJA requires attorneys' fees to be awarded directly to the litigant. 560 U.S. at 598 (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. This district, however, has fairly consistently found such assignments ineffective to require the court to make payment directly to counsel. *See, e.g.*, *Williams v. Astrue*, No. 0:10-cv-00004, 2012 WL 6615130, at *4 (D.S.C. Dec. 19, 2012). At least one circuit court of appeals has additionally expressed concern that such contracts would constitute an "endrun" around the plain text of the EAJA, as interpreted in *Ratliff*. *See Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party"). Courts are more willing to order payment to counsel if the Commissioner has accepted the assignment as valid, *c.f. Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011) (noting that *Ratliff* offers equivocating suggestions on the issue and stating in *dicta*, that, assuming assignments may be enforced, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to

directly to Plaintiff.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

                  United States District Court Judge

Columbia, South Carolina
October 17, 2016

---

what she owes her lawyer."); however, the Commissioner's practice in this regard has not been uniform. Here, the Commissioner has not accepted the assignment as valid.

    Because the Commissioner has not accepted the assignment, and in keeping with the prudent decisions of this district, the court declines to treat such an assignment as altering the court's obligation to make the EAJA payment to Plaintiff directly. As the Court in *Ratliff* emphasized, the EAJA controls what the losing defendant must pay, "not what the prevailing plaintiff must pay his lawyer." *Ratliff*, 560 U.S. at 598.